

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,034-02

**EX PARTE RONALD J. EUBANKS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W92-67690 IN THE 195TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

This is an application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant was convicted of aggravated sexual assault and sentenced to ten years' imprisonment. He did not appeal his conviction.

On May 18, 2016, we filed and set the -01 application in this cause to determine whether Applicant was entitled to relief under Article 11.073 of the Code of Criminal Procedure. *Ex parte Eubanks*, No. WR-82,034-01 (Tex. Crim. App. May 18, 2016) (not designated for publication). Applicant has now filed a supplemental ground in the trial court and contends that his guilty plea was involuntary. We shall treat his supplemental ground as a separate application.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993

S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant's guilty plea was involuntary, as alleged in his supplemental ground. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 23, 2016
Do not publish